IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| THOMAS ATCHISON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 18-cv-3019 |
| LIEUTENANT HUFFMAN, | ) ) ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Thomas Atchison's Motion to Compel (d/e 19) (Motion). For the reasons set forth below, the Motion is ALLOWED.

## BACKGROUND

Atchison alleges that he was a prisoner at the Jacksonville Correctional Center (Jacksonville) in Jacksonville, Morgan County, Illinois. He alleges that Defendant Lieutenant Huffman was a Correctional Lieutenant at Jacksonville. He alleges that Huffman violated his rights against cruel and unusual punishment when Huffman handcuffed Atchison and slammed Atchison against a table, slammed him against a wall, and then "violently pulled upward on Atchison's cuffed arms as he walked

Atchison to the segregation unit." Complaint (d/e 1), ¶¶ 9-30. Atchison alleges

> The actions of Defendant HUFFMAN constituted unnecessary and wanton infliction of pain and were done maliciously and sadistically for the very purpose of causing harm, and not in furtherance of any legitimate penological purpose, in violation of Plaintiff's rights under the Eighth Amendment to be free from cruel and unusual punishment, as made applicable to the states by the Fourteenth Amendment.

Complaint, ¶ 54. Atchison seeks damages from Huffman in his personal capacity.

On August 9, 2018, Atchison served a request to produce documents on Huffman. Request No. 13 asks for:

> 13. All documents in the personnel file of Defendant-Officer JEFFERY HUFFMAN, including all disciplinary record documents, and any documents concerning hiring, training, duties, performance, assignments, and mental and physical condition.

Motion, Exhibit 2, Plaintiff's Discovery Requests, Request for Production of Documents, ¶ 13 (Request 13).

Plaintiff states that a third party informed him that Huffman had been terminated from the Illinois Department of Corrections. Defendant Huffman states that he was not discharged but is currently on a leave of absence. Plaintiff asked Defendant to supplement his response to Request 13 with all documents related to the investigation and suspension of Defendant

Huffman. Defendant has refused. Plaintiff contacted Defendant to secure the documents without resort to Court intervention but was unsuccessful. Plaintiff, therefore, has filed this Motion.

ANALYSIS

Disciplinary records of correctional officers are discoverable because other "bad acts" may be admissible to prove issues such as motive, intent, lack of mistake, or modus operandi. Fed. R. Civ. P. 404(b); Lepianka v. Village of Franklin Park, 2004 WL 626830, at *2 (N.D. Ill. March 26, 2004). Defendant argues that evidence is not generally admissible. That argument ignores the limited basis on which such evidence may be admissible under Rule 404(b). In addition, admissibility is not at issue. This is a discovery motion. A party may seek discovery of any matter that may lead to relevant evidence and is proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1); see e.g., Pruitt v. Knight, 2019 WL 1416726, at *1 (S.D. Ind. March 29, 2019). The records related to any discipline related to Huffman's current leave of absence or suspension are relevant and discoverable.

Huffman also argues that his personnel file is not discoverable. The Motion does not ask for Huffman's personnel file. The Motion asks for "an order compelling the Defendants to produce all documents related to the

investigation and suspension of Defendant Huffman, and any other relief that the Court deems just and equitable." Motion, at 3. Only the disciplinary file related to Defendant Huffman's current leave of absence, suspension, or whatever the correct characterization may be of his current status with the Illinois Department of Corrections. This information is discoverable.

THEREFORE, IT IS ORDERED that Plaintiff Thomas Atchison's Motion to Compel (d/e 19) is ALLOWED. Defendant Huffman is directed to supplement his response to Plaintiff's Request to Produce by May 15, 2019, with all documents related to the investigation and placement of Defendant Huffman on his current status with the Illinois Department of Corrections, whether suspension, leave of absence, or otherwise .

ENTER: May 2, 2019

                    s/ *Tom Schanzle-Haskins*
                    TOM SCHANZLE-HASKINS
                    UNITED STATES MAGISTRATE JUDGE